**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JENNIFER JEANENE WEBBER** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-3587** |
| **COUNTRYWIDE FINANCIAL CORPORATION, et al** | **Section I/5** |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by defendants Countrywide Home Loans, Inc. and Countrywide Home Loans Servicing, LP (collectively "Countrywide"). For the following reasons, defendants' motion for summary judgment is **GRANTED.**

## BACKGROUND

Plaintiff, Jennifer Jeanene Webber ("Webber"),executed two mortgages in favor of Countrywide: the first in connection with a real estate loan and the second in connection with a home equity line of credit.[1] Both mortgages encumbered her New Orleans residence and were recorded in Orleans Parish, Louisiana.[2]

On December 4, 2007, Countrywide issued payoff demand statements for each mortgage, including demands for the principal balance, escrow balance, and interest.[3] The statement for the first mortgage also included a $14 "County Recording Fee" to record a

---

[1] Rec. Doc. No. 37-3, paras. 1-2; Rec. Doc. No. 46-2, paras. 1-2.

[2] Rec. Doc. No. 37-3, para. 3; Rec. Doc. No. 46-2, para. 3.

[3] Rec. Doc. No. 1, para. 1; Rec. Doc. No. 33, para. 5; Rec. Doc. No. 37-3, para. 5; Rec. Doc. No. 37-6, p. 2; Rec. Doc. No. 46-2, para. 5.; Rec. Doc. No. 46-3.

1

cancellation of that mortgage in the parish records. The statement for the second mortgage did not include any recording fees.[4] On or about December 17, 2007, Webber fully paid both loans in addition to the $14 recording fee.[5]

Webber alleges that Countrywide collected her $14 payment for the first mortgage, but failed to submit payment to the Orleans Parish Recorder of Mortgages, forcing Webber through Bayou Title, Inc. ("Bayou Title") to pay an additional fee to the parish recorder to cancel the first mortgage.[6] Webber filed this lawsuit on May 29, 2008, asserting claims of negligence, breach of contract or quasi contract, and unjust enrichment.[7] In an amended complaint, Webber alleges that defendants "either knew that they did not pay the County Recording Fee, or that they negligently failed to pay the County Recording Fee."[8]

Countrywide filed this motion for summary judgment, arguing

---

[4] Rec. Doc. No. 37-3, paras. 6-7; Rec. Doc. No. 46-2, paras. 5-6.

[5] Rec. Doc. No. 37-3, para. 8; Rec. Doc. No. 46-2, para. 7

[6] Rec. Doc. No. 33, paras. 6-9 . In a telephone conference conducted with counsel for both parties on January 9, 2009, the parties confirmed that Webber's claims against Countrywide arise from the first mortgage and that it is only the first mortgage that is at issue in this case. Counsel for Webber also informed the Court that Bayou Title was involved in the refinancing of Webber's home loan.

[7] Rec. Doc. No. 1, para. 8; Rec. Doc. No. 33, para. 12. Webber's complaint also seeks to have a class certified on behalf of all others for whom Countrywide assessed and collected a "County Recording Fee" that Countrywide never paid to the recorder. *Id.* at para. VII. To date, the Court has not certified a class action.

[8] *Id.* at para. 8.

that the Court should dismiss Webber's claims in light of evidence that Countrywide paid the Orleans Parish Recorder of Mortgages when it issued a check to that office in December, 2007.

## LAW AND ANALYSIS

### I. STANDARD OF LAW

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552

(1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d at 216; *see Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999).

## II. **DISCUSSION**

Countrywide contends that it is entitled to a summary judgment with respect to Webber's claims because the evidence shows that Countrywide paid the Orleans Parish Recorder of Mortgages to cancel Webber's mortgage. In support of its motion, Countrywide submits a check written to the Orleans Parish Recorder of Mortgages in the amount of $24 in addition to a sworn affidavit of the company's

4

vice president of the payoffs department.[9] The affidavit declares that an entity acting on behalf of Countrywide issued a $24 check to the Orleans Parish Recorder of Mortgages to cancel Webber's first mortgage and that the check "cleared the bank account."[10] Countrywide also offers computer printouts of a "Payoff and Assumption" record for Webber's account, indicating that a $24 check was issued to the Orleans Parish Recorder of Mortgages and that the check cleared on January 16, 2008.[11] Most notably, the check number provided in such record matches the number on the $24 check that Countrywide offers as evidence of its payment to the recorder of mortgages.[12]

Webber does not submit any evidence to dispute the check or the account records proffered by Countrywide. Instead, Webber contends that Bayou Title, Inc. ("Bayou Title") prepared a request for cancellation and issued a check to the recorder of mortgages. In a sworn affidavit, Brent Laliberte of Bayou Title declares that he prepared a request for cancellation, that Bayou Title paid $24 to the recorder of mortgages to cancel the first mortgage, and that

---

[9] Rec. Doc. No. 37-5, paras. 8, 9.

[10] *Id.*

[11] Rec. Doc. No. 37-8.

[12] Countrywide also submits a copy of a $14 check that was written to the Orleans Parish Recorder of Mortgages and a computer printout for Webber's second mortgage account, which states that a $14 check was issued to the Orleans Parish Recorder of Mortgages and provides a matching check number. Rec. Doc. No. 37-8, pp. 3-4. As previously stated, Webber has not contested payment of the recording fee for the second mortgage.

5

Bayou Title received a certificate of cancellation.[13] Webber also submits a request for cancellation filed by Laliberte in May, 2008.[14]

The underlying issue is whether Countrywide failed to pay the Orleans Parish Recorder of Mortgages a fee it collected from Webber.[15] Evidence that Bayou Title paid the recorder of mortgages a fee or that Bayou Title requested cancellation of the mortgage on behalf of Webber does not refute Countrywide's evidence that it paid the cancellation fee. Webber fails to present evidence of an issue *material* to her claims of negligence, breach of contract, and unjust enrichment. As a predicate to establishing Countrywide's liability, Webber must show that Countrywide did not pay the recorder of mortgages the amount it collected from Webber.[16] Without any evidence to this effect, Webber cannot prove her claims at

---

[13] Rec. Doc. No. 46-9; Rec. Doc. No. 46-10. The Court notes the difficulty in confirming Bayou Title's payment on behalf of Webber in light of Laliberte's sworn statement that Bayou Title "has voluminous filings and issues one check to pay for many transactions at one time with the Orleans Parish Recorder of Mortgages." Rec. Doc. No. 46-10.

[14] Rec. Doc. No. 46-6.

[15] Rec. Doc. No. 33, para. 8.

[16] In order to prove negligence, Webber must show that Countrywide breached a duty owed to her. *See Roberts v. Benoit,* 605 So. 2d 1032, 1041 (La. 1991). To prevail in a breach of contract claim, she must show Countrywide's failure to perform an obligation. *See* La. Civ. Code Ann. art. 1994. For a claim of unjust enrichment, Webber must show that Countrywide was enriched, that she was impoverished, and that there is "a connection between the enrichment and resulting impoverishment." *Baker v. Maclay Props. Co.*, 648 So. 2d 888, 897 (La. 1995)("(1)[T]here must be an enrichment, (2) there must be an impoverishment,(3)there must be a connection between the enrichment and resulting impoverishment, (4)there must be an absence of 'justification' or 'cause' for the enrichment and impoverishment, and (5)there must be no other remedy at law available to plaintiff.").

trial.

Because Webber's evidence does not establish an issue of material fact, i.e., "one that might affect the outcome of the suit," and because Countrywide is entitled to a judgment as a matter of law, Webber is unable to defeat this motion for summary judgment. *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

Accordingly,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED** and that Webber's claims against Countrywide Home Loans, Inc. and Countrywide Home Loans Servicing, LP[17] are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, January 12th, 2009.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[17] Webber initially sued four defendants, including Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide Bank, FSB, and Countrywide Home Loans Servicing, LP. Rec. Doc. No. 1. However, in an amended complaint, which superseded Webber's initial complaint, Webber named only Countrywide Home Loans, Inc. and Countrywide Home Loans Servicing, LP as defendants. Rec. Doc. No. 33.